JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-06798-RGK (MRWx) | Date | July 2, 2012 |
|---|---|---|---|
| Title | JON CARPENTER V. RAINTREE REALTY, LLC | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendant's Motion for Summary Judgment (DE 16)**

**I.   INTRODUCTION**

On May 26, 2011, Jon Carpenter ("Plaintff") filed a Complaint in Los Angeles County Superior Court against Raintree Realty, LLC ("Defendant"). Defendant removed the case to this Court on August 18, 2011 on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff has not clearly stated on what legal basis he brings his claims for relief, instead he cites a variety of statues and lists a number of remedies. The Court will construe Plaintiff's Complaint as stating a claim for injunctive relief under the Americans with Disabilities Act ("ADA"), specifically 42 U.S.C. § 12182, and a claim for damages under the Unruh Act, California Civil Code § 51.

Presently before the court is Defendant's Motion for Summary Judgment. For the reasons described above, the Court **DISMISSES** Plaintiff's claim under the ADA as moot and **REMANDS** Plaintiff's claim under the Unruh Act.

**II.   FACTUAL BACKGROUND**

Plaintiff is a wheelchair bound individual who drives a van equipped with a wheelchair ramp that extends from the side of his vehicle allowing him to enter and exit the vehicle while in his wheelchair.

On April 14, 2011, Plaintiff attempted to park in the parking lot at a shopping center owned by Defendant to access the Pizza Hut/Wing Stop restaurant located in the shopping center complex. Plaintiff alleges that there were no properly identified 96-inch wide van-accessible parking spots in the parking lot, as is required by the ADA.

### III.   JUDICIAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is proper only where "there is no genuine issue as to any material fact and that the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Upon such showing, the court may grant summary judgment "on all or part of the claim." Fed. R. Civ. P. 56(a).

To prevail on a summary judgment motion, the moving party must show that there are no triable issues of material fact as to matters upon which it has the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). On issues where the moving party does not have the burden of proof at trial, the moving party is required only to show that there is an absence of evidence to support the non-moving party's case. *See id.* at 326.

To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. Fed. R. Civ. P. 56(e). Nor may the non-moving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). The non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *See Celotex Corp.*, 477 U.S. at 324.

### IV.   DISCUSSION

Defendant argues that Plaintiff's claim for injunctive relief under the ADA is moot because the parking lot is in compliance with the ADA and that Plaintiff's claim under the Unruh Act fails because he was not denied access to the restaurant because he did not access his vehicle. The Court turns to each claim in turn.

#### A.   Americans with Disabilities Act – 42 U.S.C. § 12182

Plaintiff seeks injunctive relief under the ADA for Defendant's failure to abide by the ADA's requirement to have sufficient parking spots for vans equipped with wheelchair devices, specifically parking spaces that have a 96 inch wide clearing space.

Mootness is a jurisdictional defect. *Barilla v. Ervin*, 886 F.2d 1514, 1519 (9th Cir. 1989). A case is moot when the issues addressed in the case are no longer "live" such that the parties no longer have a legally cognizable interest in the outcome of the litigation. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

Plaintiff seeks to make the parking lot owned by Defendant compliant with the ADA specifically in regards to van-accessible parking spots. Defendant's parking lot is compliant with the ADA and therefore Plaintiff's claim is moot. (*See* Kirkland Decl. to Def's Mot. for Summ. J. ¶ 4.) Specifically, Defendant's parking lot has under 300 parking spaces. (Kirkland Decl. to Def's Reply Br. ¶ 2.) According to the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") codified at 36 C.F.R. § 1191, a parking lot with 300 or fewer parking spots needs to have two van-accessible parking spaces. *See* ADAAG § 208.2.4. Defendant's parking lot currently has three van-accessible parking spaces and is therefore in compliance with the ADA. (*See* Kirkland Decl. to Def's Reply Br. ¶ 2.)

Therefore, The Court **dismisses as moot** Plaintiff's claim for injunctive relief under the ADA to force Defendant to comply with the ADA's requirements for van-accessible parking spaces.

### B.     California's Unruh Act – Cal. Civ. Code § 51

Plaintiff seeks damages under California's Unruh Act for Defendant's failure to comply with the parking requirements of the ADA. The Unruh Act incorporates violations of the ADA. *See* Cal. Civ. Code § 51(f). The mere fact that the Unruh Act incorporates violations of the ADA does not give this Court federal question jurisdiction over Plaintiff's state law claim. *See Wander v. Kaus*, 304 F.3d 856, 858-59 (9th Cir. 2002). Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim and **remands** the remaining claim to Los Angeles County Superior Court for further ajudication.

## V.     CONCLUSION

For the reasons discussed above, the Court dismisses Plaintiff's claim under the ADA as moot and remands Plaintiff's claim under the Unruh Act to state court.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |